**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES EARL LINDSEY,

    Defendant-Appellant.

No. 04-3494

(D.C. No. 03-CR-40011-01-RDR)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL** and **BALDOCK**, Circuit Judges, and **ARMIJO**,[**] District Judge.[***]

A jury convicted Defendant James Earl Lindsey of possession of crack cocaine and marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), use and carrying of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Maria C. Armijo, United States District Judge for the District of New Mexico, sitting by designation.

[***] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

924(c)(1)(A), and possession of a firearm by a drug user in violation of 18 U.S.C. §

922(g). On appeal, Defendant challenges the district court's denial of his motion to

suppress. According to Defendant, the police officer who stopped his vehicle lacked

reasonable suspicion to detain him once the initial purpose of the stop was satisfied. We

have jurisdiction under 28 U.S.C. § 1291. In reviewing the district court's denial of

Defendant's motion to suppress, we consider the totality of the circumstances and view

the evidence in a light most favorable to the Government. We accept the district court's

factual findings unless clearly erroneous. The ultimate determination of reasonableness

under the Fourth Amendment is a question of law reviewable de novo. United States v.

McKissick, 204 F.3d 1282, 1296 (10th Cir. 2000). Applying these standards, we affirm.

I.

The relevant facts as found by the district court and supported by the record are as

follows: Kansas Highway Patrol Trooper Craig Davis stopped Defendant's van on

Interstate 70 eastbound during daylight hours. While following the van, Officer Davis

observed a crack in the windshield apparently obstructing the driver's view in violation of

Kansas State law.[1] When Defendant rolled down his window following the stop, the

officer smelled a "very strong" odor of air freshener. Defendant's eyes appeared glassy

---

[1] Defendant does not argue on appeal that the officer's initial stop of his van was
unlawful. In any event, we agree with the district court's conclusion that "Trooper
Davis's observation of a crack that spanned the entire width of the windshield and which
appeared to be in the driver's field of vision supplied reasonable suspicion to support the
traffic stop."

and bloodshot. Defendant produced a California driver's license. He informed the officer that he was traveling from California to Georgia. The officer asked Defendant whether he owned the vehicle. Defendant said he was the co-owner and had been making payments. The officer asked for Defendant's registration and insurance. Defendant replied that his insurance was "okay" but he didn't have the card. Defendant told the officer he had just come from a jury trial in California for an incident related to his vehicle, and the police had retained his insurance card. He produced a registration that listed Alan Nash as the owner. Defendant informed the officer Alan Nash had leased the van but Defendant had paid for it. The officer then asked, "Is Alan just a buddy of yours or a relation? Or..." to which Defendant replied, "Yeah. Yeah. I'll show you my receipt. I got a receipt. It's my vehicle."

Officer Davis observed the van's passenger door had been "shot up," apparently with buckshot. Defendant explained that "Some guys in California" had shot the door: "Some gang guys. You know. They was some guys in blue." The officer advised Defendant that he would write a warning, and went back to his patrol car. Three minutes after the initial stop, Officer Davis radioed for backup. Trooper Jeffrey Patrick and his canine arrived twelve minutes later.

Dispatch informed Officer Davis of an outstanding Georgia warrant against Defendant for hindering or obstructing an officer. The warrant did not request extradition. Officer Davis could not determine whether the van's registration was

3

current, as the tag number was not on file. The officer re-approached Defendant's van and asked him about the Georgia warrant. Defendant said he didn't know anything about it and that "I never had no incident with the cops." The officer handed Defendant a warning citation for the cracked windshield and a regular citation for no proof of insurance. The officer then stated, "That's all I got for you. Have a safe trip." The officer then stepped away from Defendant's van, stepped back towards it, and asked, "Hey, James, before you take off can I ask you something real quick? You don't travel with any handguns or anything illegal or anything like that?" The defendant replied no. Officer Davis asked if he could search to make sure. Defendant replied no. Officer Davis then told Defendant Officer Patrick would run a dog sniff around the perimeter of the vehicle. The dog alerted. The officers searched the vehicle and found cocaine, marijuana, and a gun.

II.

The evidence required to establish reasonable suspicion must create more than an unparticularized hunch, but is considerably less than proof of wrongdoing by a preponderance of the evidence. United States v. Sokolow, 490 U.S. 1, 7 (1989); United States v. Cantu, 87 F.3d 1118, 1121 (10th Cir. 1996). We review the facts under the totality of the circumstances to determine they create reasonable suspicion. United States v. Salzano, 158 F.3d 1107, 1114 (10th Cir. 1998). Extending a detention beyond the purpose of the initial stop for additional questioning is permissible if the officer has an

objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring. United States v. Hunnicutt, 135 F.3d 1345, 1349 (10th Cir. 1998).

A number of factors present in this case may give rise to reasonable articulable suspicion of drug activity. For instance, inability to prove ownership of or authorization to operate a vehicle normally leads first to reasonable suspicion of a stolen vehicle. See United States v. Williams, 271 F.3d 1262 (10th Cir. 2001) (citing cases). We have, however, frequently used an inability to prove ownership or authorization in conjunction with other factors to justify continued detention and expanded questioning about drugs. "[I]nability to offer proof of ownership or authorization to operate the vehicle has figured prominently in many of our cases upholding further questioning." Hunnicutt, 135 F.3d at 1349 (citing cases). Failure to show insurance, a strong odor of air freshener, or vague, ambiguous, or evasive answers can also contribute to reasonable suspicion. Id., 135 F.3d at 1350, n.1 (insurance), Salzano, 158 F.3d at 1114 (air freshener); United States v. Santos, 403 F.3d 1120, 1131 (10th Cir. 2005) (answers). Involvement in prior crimes may also contribute to reasonable suspicion of criminal activity. United States v. Sandoval, 29 F.3d 537, 542 (10th Cir. 1994) (citing cases). Lying about one's criminal history makes an even more powerful inference of wrongdoing. Santos, 403 F.3d at 1132-1133.

## III.

We agree with the district court in this case that all of the factors considered

5

together created reasonable suspicion justifying Defendant's detention beyond the initial purpose of the traffic stop. Defendant's car smelled strongly of air fresheners, which are commonly used to mask the smell of drugs. Defendant could produce no proof of insurance, and the tag number from the registration was not on file. The van was registered in someone else's name. Defendant had difficulty explaining this discrepancy. A spray of buckshot marked the vehicle's passenger side, apparently the result of some sort of violent encounter. Georgia had placed a warrant on Defendant for obstructing the police, and Defendant denied it. Collectively, these factors give rise to a clear probability of criminal activity. We hold the totality of the circumstances in this case created reasonable suspicion for Officer Davis to detain Defendant beyond the initial purpose of the stop while Officer Patrick ran the dog sniff that led to the discovery of the drugs.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge