FILED
United States Court of Appeals
Tenth Circuit

February 7, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JAMES EARL LINDSEY,

     Defendant-Appellant.

No. 07-3180

(D.C. No. 06-CV-4143-RDR)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant James Earl Lindsey, a federal prisoner appearing pro se, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. Because Defendant's appeal is untimely, we must dismiss for lack of subject matter jurisdiction.

In 2004, Defendant was convicted by a jury of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); knowingly and intentionally carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a drug addict or user in violation of 18 U.S.C. § 922(g)(3). On direct appeal, Defendant only challenged the district court's denial of his motion to suppress evidence obtained during a traffic stop, and, in an unpublished decision, we affirmed his conviction. See United States v. Lindsey, 160 Fed. Appx. 708 (10th Cir. 2005).

Defendant then filed this § 2255 petition, raising a litany of claims based upon alleged ineffective assistance of counsel.[1] In a Memorandum and Order

---

[1] Defendant claimed that his appellate counsel was ineffective in (1) failing to challenge the district court's ruling that Defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161, were not violated; (2) failing to challenge the support in the record for various factual determinations made during the motion to suppress; and (3) failing to challenge the sufficiency of the evidence as to the conviction for possessing a firearm as a drug addict or user. Defendant also claimed that his trial counsel was ineffective in (1) failing to contend that the state trooper who stopped him misapplied Kansas law regarding cracked windshields; (2) failing to argue that the trooper illegally detained him after the trooper determined that the crack in the windshield did not violate Kansas law; (3) failing to object to perjured testimony at the suppression hearing; (4) failing to

(continued...)

2

dated January 29, 2007, the district court denied Defendant's § 2255 petition without conducting an evidentiary hearing. That same day, the district court entered judgment against Defendant. Defendant filed a timely motion to reconsider under Rule 59 of the Federal Rules of Civil Procedure, which the district court denied in a Memorandum and Order dated April 16, 2007.

Defendant, however, did not file a timely notice of appeal. "'The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction.'" United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004) (quoting Parker v. Bd. of Pub. Utils., 77 F.3d 1289, 1290 (10th Cir. 1996)); see also Bowles v. Russell, 127 S. Ct. 2360, 2363-64 (2007). Under Rules 4(a)(1)(B) and 4(a)(4)(A)(iv) of the Federal Rules of Appellate Procedure, Defendant had sixty days to file a notice of appeal after the district court entered its order denying Defendant's motion to reconsider. See United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993) (explaining that "the 60 day civil appeals period applies" to post-conviction proceedings under § 2255); see also 28 U.S.C. § 2107(b). After the district court denied his motion to reconsider on April 16, 2007, Defendant had

---

[1](...continued)
challenge the composition of the jury; (5) failing to subpoena certain information that may have shown that the traffic stop was pretextual; (6) failing to allow him to testify during trial; (7) failing to challenge, at sentencing, the validity of a prior conviction; (8) failing to conduct vigorous cross examination of the two state troopers; (9) failing to challenge the length and conduct of the dog sniff; and (10) failing to challenge the presence of federal jurisdiction over his case.

until June 15, 2007, to file a timely notice of appeal. See Fed. R. App. P. 4(a)(1)(B) & 4(a)(4)(A)(iv). The notice of appeal was not filed with the district court until June 18, 2007—three days too late.

The prison mailbox rule, Rule 4(c)(1) of the Federal Rules of Appellate Procedure, does not rescue Defendant's appeal. Rule 4(c)(1) provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1). We recently explained the requirements for compliance with Rule 4(c)(1):

> [A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005) (citing Ceballos-Martinez, 387 F.3d at 1144-45). Here, Defendant's notice of appeal is dated June 13, 2007, as is the certificate of service accompanying his notice of appeal. The envelope in which he mailed these documents to the district court is stamped as "received"

4

on June 14, 2007, by the prison in which Defendant is incarcerated, and is postmarked June 15, 2007. Nevertheless, the district court did not receive and file the notice of appeal until June 18, 2007, and Defendant neither "alleg[ed] and prov[ed] that he . . . made timely use of the prison's legal mail system," nor "timely use[d] . . . the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." Philpot, 420 F.3d at 1166. Defendant cannot avail himself of the prison mailbox rule, and we lack subject matter jurisdiction over his appeal.

We therefore DISMISS Defendant's appeal for lack of subject matter jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5