**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES EARL LINDSEY,

Defendant-Appellant.

No. 10-3147

(D. of Kan.)

(D.C. Nos. 5:06-CV-04143-RDR and
5:03-CR-40011-RDR-1)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

James Earl Lindsey, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his Rule 60(b) motion, which asked the district court to reconsider its refusal to vacate his sentence under 28 U.S.C. § 2255. FED. R. CIV. P. 60(b). The district court denied the motion because it had previously considered all of Lindsey's ineffective assistance of counsel claims.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Having jurisdiction under 28 U.S.C. §§ 2253(c), 1291, we DENY Lindsey's request for a COA and DISMISS his appeal.

## I.  Background

Lindsey was convicted on federal drug and firearm charges and received a sentence of 228 months of imprisonment.  We affirmed that conviction on direct appeal.  *United States v. Lindsey*, 160 F. App'x 708 (10th Cir. 2005).

Lindsey then sought § 2255 relief, raising various ineffective assistance of counsel claims.  The district court denied his petition, and we dismissed his subsequent appeal as untimely.  *United States v. Lindsey*, 264 F. App'x 710 (10th Cir. 2008).

He then filed a Rule 60(b) motion, asking the district court to set aside its order denying his § 2255 petition.  The district court transferred the matter to this court as a second or successive § 2255 petition, and we ruled the district court did not err in transferring the matter, denied Lindsey's motion to remand, and terminated the matter.  *In re Lindsey*, 582 F.3d 1173 (10th Cir. 2009).  Lindsey next filed a second Rule 60(b) motion, which the district court again transferred to this court and which we again refused to remand and terminated.  *In re Lindsey*, No. 10-3006 (10th Cir. March 1, 2010).  Finally, Lindsey filed the present Rule 60(b) motion, alleging the district court failed to address one of the ineffective assistance of counsel claims raised in his original § 2255 motion.  The district court denied the motion and Lindsey appeals.

## II. Discussion

A federal petitioner may not appeal from the denial of a Rule 60(b) motion without first obtaining a COA. *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Lindsey is proceeding pro se, we will construe his filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Lindsey attempts to show the denial of a constitutional right by arguing the district court failed to consider one of his ineffective assistance of counsel claims. Specifically, he contends his counsel, in an effort to protect his professional reputation, failed to challenge on direct appeal the district court's determination that Lindsey did not suffer a violation of his Speedy Trial Act rights. *See* 18 U.S.C. § 3161 *et seq.* We agree with the district court, however, that it did consider Lindsey's arguments in a lengthy and detailed ruling rejecting his claims. *See United States v. Lindsey*, 505 F. Supp. 2d 838, 842–43 (D. Kan. 2007) (noting Lindsey's "first contention is that his counsel rendered ineffective assistance on appeal because he failed to challenge this court's ruling that defendant's rights under the Speedy Trial Act . . . were not violated," then rejecting that argument with a lengthy analysis).

Because the district court addressed Lindsey's claim that his counsel refused to raise the issue on appeal, Lindsey fails to show the denial of a constitutional right.

### III.  Conclusion

For the foregoing reasons, we DENY Lindsey's request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge