ORDER AND JUDGMENT*
WADE BRORBY, Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. RApp. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
Appellant Cesar Chacon pled guilty to one count of conspiracy to possess with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and § 846, and one count of possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2. The district court sentenced Mr. Chacon to concurrent sentences of 151 months and sixty months, for a total term of 151 months imprisonment. Although Mr. Chacon appeals his convictions and sentences, his attorney has filed an Anders brief and moved to withdraw as counsel. See Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the *307 reasons set forth hereafter, we grant counsel’s motion to withdraw and dismiss this appeal. Id.
I. Background
Mr. Chacon pled guilty without the benefit of a plea agreement. During the Rule 11 colloquy conducted by the district court, Mr. Chacon indicated, in part, that he: (1) had not taken any medicine or other substance or suffered from or been treated for any physical or mental illnesses or conditions that would affect his ability to understand his plea; (2) understood the charges against him; (3) discussed with his counsel the offenses charged, the consequences of pleading guilty, his possible sentences, and the United States Sentencing Guidelines (“Guidelines” or “U.S.S.G.”) considerations; (4) was knowingly and voluntarily agreeing to plead guilty; (5) understood the consequences of pleading guilty, including the fact the maximum sentence was twenty years for the conspiracy drug count and five years for the other drug-related count against him; (6) understood the rights he was relinquishing in pleading guilty; and (7) confirmed his wish to plead guilty to the offenses charged. See Fed. R.Crim.P. 11(b). In accepting his guilty plea, the district court found Mr. Chacon’s guilty plea was knowing and voluntary; he was fully competent and capable of entering an informed plea; he was aware of the nature of the charges he faced and the consequences of his plea; and his plea was supported by an independent basis in fact containing the essential elements of the offenses to which he pled guilty.
After Mr. Chacon pled guilty, a probation officer prepared a presentence report calculating his sentences under the applicable 2007 Guidelines. The probation officer calculated the base offense level at 24, under U.S.S.G. § 2Dl.l(c)(8), because the instant offenses involved 80.8 net kilograms of marijuana, but adjusted his offense level to 32, under U.S.S.G. § 4B1.1, because he qualified as a career offender. In addition, based on Mr. Chacon’s acceptance of responsibility for the offenses charged, the probation officer included a three-level reduction, for a total offense level of 29. A total offense level of 29, together with a criminal history category of VI, for being a career offender, resulted in a Guidelines sentencing range of 151 to 188 months imprisonment for his count for conspiracy to possess with intent to distribute more than fifty kilograms of marijuana and a maximum term of imprisonment of sixty months for his count for possession with intent to distribute less than fifty kilograms of marijuana. In calculating Mr. Chacon’s sentences, the probation officer added criminal points for Mr. Chacon’s commission of the instant offenses while under a term of supervised release for his February 6, 2006 conviction for possession with intent to distribute more than fifty kilograms of marijuana and aiding and abetting.
Mr. Chacon did not file objections to the presentence report. At the sentencing hearing, Mr. Chacon’s counsel discussed his drug addiction and his family’s concerns over that addiction as reasons for a sentence at the low end of the Guidelines range and then explicitly requested concurrent sentences of 151 months and sixty months imprisonment, for a total term of imprisonment of 151 months. His counsel also requested a concurrent sentence of fifteen months for violating his supervised release on the 2006 conviction. In turn, the government did not object to concurrent sentences of 151 months and sixty months imprisonment on the instant offenses but requested that the sentence for his supervised release violation be assessed at ten months, to run consecutive to his other sentences. After hearing the parties’ arguments and a statement by Mr. *308 Chacon, the district court stated that in imposing Mr. Chacon’s sentence it had considered the factual findings in the pre-sentence report, the Guidelines, and the sentencing factors under 18 U.S.C. § 3553(a), including its finding that Mr. Chacon is a career offender. The district court then sentenced him at the low end of the Guidelines range to concurrent sentences of 151 months and sixty months imprisonment on the instant offenses and fifteen months imprisonment on the supervised release offense, of which ten months would run consecutive and the other five months would run concurrent to the instant term of imprisonment.
Following Mr. Chacon’s timely notice of appeal of his convictions and sentences[1] we appointed new counsel for Mr. Chacon after granting a motion to withdraw filed by his counsel of record. His newly-appointed counsel then filed an Anders appeal brief explaining that, after carefully examining the record and researching relevant case law, counsel has determined Mr. Chacon’s appeal presents no legally non-frivolous issues. See Anders, 386 U.S. at 744, 87 S.Ct. 1396. In support, counsel points out Mr. Chacon’s guilty plea was valid and in accordance with Federal Rule of Criminal Procedure 11, and he received a lawful and reasonable sentence which is procedurally and substantively sound. For these reasons, counsel moves to withdraw. Id.
Pursuant to Anders, this court gave Mr. Chacon an opportunity to respond to his counsel’s Anders brief. See id. Following Mr. Chacon’s failure to respond, the government filed a notice of its intention not to file an answer brief in this appeal.
II. Discussion
As required by Anders, we have conducted a full examination of the record before us. See id. The record establishes, among other things, that Mr. Cha-con’s guilty plea was voluntarily, knowingly, and intelligently entered; he was advised of and understood his possible sentences, other punishments he might face in conjunction with his guilty plea to the offenses charged, and the rights he was relinquishing; and that sufficient evidence supported his convictions. As to the length of his sentences, we review it for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a), and have determined a sentence properly calculated under the Guidelines is entitled to a re-buttable presumption of reasonableness. See United States v. Kristi, 437 F.3d 1050, 1053-55 (10th Cir.2006) {per cu-riam ). Having made our reasonableness review, we find no nonfrivolous basis for challenging the sentences imposed. Mr. Chacon has not shown the district court erred in its calculation of his sentences, and a review of the record further establishes they were not improperly calculated, so they are entitled to a presumption of reasonableness which Mr. Chacon has not rebutted. Instead, as counsel asserts and we conclude, no nonfrivolous basis appears to exist for challenging the sentences imposed. See Anders, 386 U.S. at 744, 87 S.Ct. 1396.
III. Conclusion
For these reasons, no meritorious appellate issue exists. Accordingly, we GRANT counsel’s motion to withdraw and DISMISS Mr. Chacon’s appeal.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. Mr. Chacon did not appeal the supervised release violation sentence.