FILED
United States Court of Appeals
Tenth Circuit

December 19, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CESAR CHACON,

Defendant – Appellant.

No. 11-2137
(D.C. Nos. 1:10-CV-00439-RB-DJS &
2:08-CR-00792-RB-1)
(D. N.M.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **TYMKOVICH**, Circuit Judges.

Cesar Chacon, a federal prisoner proceeding pro se, seeks a certificate of
appealability (COA) to appeal the district court's decision to construe his
Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C.
§ 2255 motion and to dismiss it for lack of jurisdiction. We DENY a COA and
DISMISS this proceeding.

In May 2008, Mr. Chacon pleaded guilty, without a plea agreement, to one
count of conspiracy to possess with intent to distribute more than fifty kilograms

---

[*]      This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 and one count of possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2. He was sentenced to 151 and 60 months of imprisonment, respectively, with the sentences to run concurrently. This court dismissed his direct appeal as lacking a meritorious appellate issue. *United States v. Chacon*, 343 F. App'x 306, 308 (10th Cir. 2009).

Subsequently, Mr. Chacon filed a § 2255 motion, asserting that his counsel provided ineffective assistance by (1) failing to challenge the conspiracy charge; (2) failing to recommend sentencing leniency; (3) failing to pursue a two-point reduction pursuant to sentencing guideline § 3B1.2(b) for minor participation; (4) failing to show Mr. Chacon his presentence report; and (5) failing to challenge his career offender status. The magistrate judge recommended that relief be denied after determining that counsel was not ineffective because (1) Mr. Chacon admitted he participated in a conspiracy and substantial evidence in the record established a conspiracy; (2) counsel argued for leniency in sentencing and all but one of his requests were granted; (3) Mr. Chacon was ineligible for a two-point reduction for being a minor participant because he was designated a career offender under sentencing guideline § 4B1.1; (4) counsel reviewed the presentence report with Mr. Chacon; and (5) Mr. Chacon qualified as a career offender. Mr. Chacon objected to the recommendation with respect to claims (1),

-2-

(4), and (5). The district court adopted the magistrate judge's recommended disposition and denied § 2255 relief.

Subsequently, Mr. Chacon filed a Fed. R. Civ. P. 60(b) motion re-asserting claim (4) concerning his role as a minor participant. Specifically, he contended that his attorney should have argued under *United States v. Booker*, 543 U.S. 220 (2005), that career offender status was only advisory and he was eligible for the minor role adjustment. The district court dismissed the Rule 60(b) motion for lack of jurisdiction, determining that it was an unauthorized second or successive § 2255 motion since it reasserted a federal basis for relief from the underlying conviction. Mr. Chacon appealed from the denial of Rule 60(b) relief.

He seeks a COA from this court on the claim asserted in the Rule 60(b) motion. A COA is a jurisdictional prerequisite to this court's review of the district court's denial of Rule 60(b) relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Because the district court denied the Rule 60(b) motion on procedural grounds, this court will grant a COA only if Mr. Chacon "shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion subject to the authorization requirements of § 2255(h) if the motion

asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *In re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009) (per curiam); *United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006). Mr. Chacon concedes he is reasserting a claim he asserted in his § 2255 motion, which was decided against him. The Rule 60(b) motion therefore is a second or successive § 2255 motion. The district court correctly held that authorization was required under § 2255 and without such authorization it had no jurisdiction to consider the motion. Thus, we conclude that the district court appropriately dismissed the Rule 60(b) motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

We therefore DENY a COA, and DISMISS this proceeding. Also, we DENY Mr. Chacon's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-4-