FILED
United States Court of Appeals
Tenth Circuit

May 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

ANTHONY L. CIOCCHETTI,

Defendant−Appellant.

No. 12-8011
(D.C. Nos. 2:09-CV-00287-ABJ
& 2:07-CR-00246-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY***

Before **MURPHY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Anthony L. Ciocchetti, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision to construe his Fed. R.

Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255

motion and dismiss it for lack of jurisdiction. We deny a COA and dismiss the

matter.

Mr. Ciocchetti was convicted in 2008 of bank fraud and making materially

false statements in connection with a bank loan application. He was sentenced to

---

\* This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sixty-five months' imprisonment and was ordered to pay $461,122 in restitution. He appealed to this court and challenged the loss amount used to calculate his sentence. We affirmed the district court's sentencing determination. *See United States v. Ciocchetti*, 330 F. App'x 745, 747 (10th Cir. 2009).

Mr. Ciocchetti filed a § 2255 motion in 2009. The district court denied the motion and we denied his request for a COA. *See United States v. Ciocchetti*, 422 F. App'x 695, 696 (10th Cir. 2011). In 2011, Mr. Ciocchetti filed a motion for relief under Fed. R. Civ. P. 60(b)(4). The district court concluded that the 60(b) motion constituted an attempt to file a second or successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction. Mr. Ciocchetti now seeks a COA to appeal from that dismissal.

To obtain a COA, Mr. Ciocchetti must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A 60(b) motion should be treated as a second or successive § 2255 motion if it asserts or reasserts claims of error in the prisoner's conviction. *See In re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009) (per curiam).

A 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

In his § 2255 motion, Mr. Ciocchetti asserted four claims of ineffective assistance of counsel. The district court considered each claim and denied each of them on the merits. In his 60(b) motion, Mr. Ciocchetti argued that the district court erred in failing to hold an evidentiary hearing and failing to address all of the issues raised in his first claim for ineffective assistance of counsel. Although Mr. Ciocchetti attempts to present his 60(b) arguments as challenges to the integrity of the proceedings, they both lead inextricably to a merits-based attack on the denial of his § 2255 motion.

With respect to the failure to hold an evidentiary hearing, Mr. Ciocchetti argued in his 60(b) motion that a hearing was required because there were material questions about his counsel's trial strategy that needed to be investigated in order to determine whether counsel was constitutionally effective. As we have explained, however, the decision not to hold an evidentiary hearing on a § 2255 motion involves a merits determination:

> The decision not to hold an evidentiary hearing is essentially the
> equivalent of a dismissal for failure to state a claim or a summary
> judgment, because the district court has concluded that the record does
> not entitle the prisoner to relief; either the prisoner has failed to allege
> facts on which relief could be predicated, or the record conclusively
> contradicts the prisoner's allegations. Thus, there could be no error in

denying an evidentiary hearing unless the district court made an incorrect merits determination.

*Lindsey*, 582 F.3d at 1175-76. Mr. Ciocchetti's argument that the district court erred in failing to hold an evidentiary hearing is an attack on the district court's assessment of the merits and is "effectively indistinguishable from alleging that he is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. at 1176 (internal quotation marks omitted).

We reach the same conclusion with respect to Mr. Ciocchetti's argument that the district court failed to address all of the issues related to his first claim for ineffective assistance of counsel. The failure to consider a claim can qualify as a 60(b) argument about a defect in the integrity of the habeas proceeding because "[t]he defect lies not in the district court's resolution of the merits of the . . . claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented." *Spitznas*, 464 F.3d at 1225. But here, the district court reached the merits of Mr. Ciocchetti's first ineffective-assistance-of-counsel claim and denied it (along with the other three claims). In arguing that the district court failed to address all of the issues that he mentioned in his first claim, Mr. Ciocchetti really is challenging *how* the district court addressed the claim, not asserting that the district court failed to decide the claim at all. His argument, therefore, is a disguised attack on the district court's resolution of the claim on the merits.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Ciocchetti's 60(b) motion as an unauthorized second or

- 4 -

successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we DENY a COA and DISMISS this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk