FILED
United States Court of Appeals
Tenth Circuit

December 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

ANTHONY L. CIOCCHETTI,

Defendant−Appellant.

No. 12-8053
(D.C. Nos. 2:09-CV-00287-ABJ &
2:07-CR-00246-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **MURPHY**, and **GORSUCH**, Circuit Judges.

Anthony L. Ciocchetti, a federal prisoner proceeding pro se, seeks a certificate
of appealability (COA) to appeal the district court's decision to construe his Fed. R.
Civ. P. 60(b)(6) motion as an unauthorized second or successive 28 U.S.C. § 2255
motion and dismiss it for lack of jurisdiction.  We deny a COA and dismiss the
matter.

Mr. Ciocchetti was convicted in 2008 of bank fraud and making materially
false statements in connection with a bank loan application.  He was sentenced to
sixty-five months' imprisonment and was ordered to pay $461,122 in restitution.  He

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed to this court and challenged the loss amount used to calculate his sentence. We affirmed the district court's sentencing determination. *See United States v. Ciocchetti*, 330 F. App'x 745, 747 (10th Cir. 2009).

Mr. Ciocchetti filed a § 2255 motion in 2009. The district court denied the motion, and we denied his request for a COA. *See United States v. Ciocchetti*, 422 F. App'x 695, 696 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 380 (2011). In 2011, Mr. Ciocchetti filed a motion for relief under Fed. R. Civ. P. 60(b)(4). The district court concluded that the 60(b) motion constituted an attempt to file a second or successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction. Mr. Ciocchetti sought a COA to appeal from that dismissal and we denied his request. *See United States v. Ciocchetti*, 480 F. App'x 912, 915 (10th Cir. 2012).

In June 2012, Mr. Ciocchetti filed a second 60(b) motion and the district court again concluded that Mr. Ciocchetti was attempting to file an unauthorized second or successive § 2255 motion. Mr. Ciocchetti now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Ciocchetti must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h).

Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior [§ 2255 motion]." *Id*. at 1216.

In his original § 2255 motion, Mr. Ciocchetti asserted four claims of ineffective assistance of trial counsel. The district court considered each claim and denied each of them on the merits. In his 60(b) motion, Mr. Ciocchetti asserted that he was not challenging the validity of his conviction. He argued instead that he was challenging the integrity of the federal habeas proceedings. As he explained:

> Ciocchetti's sole claim from relief from judgment is that the unpreparedness of his counsel was known to the Court, and notwithstanding this reality, the Court permitted Ciocchetti's counsel to proceed, which resulted in the Assistant U.S. Attorney representing the United States in the trial to take impermissible advantage of counsel and the Court.

R. Vol. 1 at 403.

Although Mr. Ciocchetti attempts to present his 60(b) argument as a challenge to the integrity of the proceedings, it leads inextricably to a merits-based attack on

the denial of his § 2255 motion. As the district court aptly concluded, "[the 60(b) motion] is one more attempt to challenge the trial process in which Ciocchetti was convicted as well as attack yet again the effectiveness of his counsel." R. Vol. 1 at 422. Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Ciocchetti's 60(b) motion as an unauthorized second or successive § 2255 motion. Accordingly, we DENY a COA and DISMISS this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk