**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JAMES EARL LINDSEY,

Movant.

No. 09-3184
(D.C. Nos. 5:06-CV-4143-RDR &
5:03-CR-40011-RDR-1)
(D. Kan.)

---

**ORDER**

---

Before **TACHA**, **EBEL**, and **HARTZ**, Circuit Judges.

---

**PER CURIAM**.

---

James Earl Lindsey, a federal prisoner appearing pro se, filed a
Fed. R. Civ. P. 60(b) motion claiming that the district court erred in deciding his
28 U.S.C. § 2255 motion without granting him an evidentiary hearing. The
district court concluded that the claims required authorization under § 2255(h) as
a second or successive motion and transferred the motion to this court.
Mr. Lindsey has moved to remand, arguing that he challenges only the integrity of
the federal proceedings, and thus his assertions do not require authorization under
§ 2255(h). We disagree, and therefore we deny the motion to remand.

*Background*

In 2004, a jury convicted Mr. Lindsey of drug and firearms offenses, and this court affirmed. *United States v. Lindsey*, 160 F. App'x 708, 711 (10th Cir. 2005). A year later, raising numerous claims for relief, Mr. Lindsey filed a motion under § 2255 to vacate, set aside, or correct his sentence. Concluding that Mr. Lindsey was not entitled to relief, the district court dismissed the § 2255 motion without requiring the United States to answer and without conducting an evidentiary hearing, a procedure permitted by § 2255(b) and Rule 4(b) of the Rules Governing § 2255 Proceedings. This court determined that Mr. Lindsey's appeal was untimely and dismissed the appeal without reaching the merits of his § 2255 claims. *United States v. Lindsey*, 264 F. App'x 710, 711-12 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 900 (2009).

More than two years after the district court dismissed his § 2255 motion, Mr. Lindsey filed a Rule 60(b)(6) motion for relief from judgment. In his Rule 60(b) motion, he alleged that his § 2255 claims were deserving of an evidentiary hearing, and it was an error to dismiss the motion without holding such a hearing. He recognized that a merits-based challenge requires this court's authorization as a second or successive § 2255 motion, *see Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1216-17 (10th Cir. 2006), but he characterized his arguments as procedural in nature, asserting they "deal[] primarily with some irregularity or procedural defect in the

-2-

procurement of the judgment." Motion for Relief from Judgment, Dist. Ct. Doc. 219 at 2.

Noting that in the § 2255 proceeding it had "specifically found that defendant's § 2255 motion should be denied without an evidentiary hearing because the record 'conclusively shows that defendant is not entitled to relief on his claims,'" the district court held that Mr. Lindsey's Rule 60(b) claims were in reality an attack on the court's merits determination. Order of June 29, 2009, Dist. Ct. Doc. 220 at 3 (quoting Memorandum and Order of January 29, 2007, Dist. Ct. Doc. 190 at 23). Thus, the district court held the claims required authorization under § 2255(h) and transferred the motion to this court. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Mr. Lindsey then moved to remand the matter to the district court.

### *Analysis*

Congress has placed limits on second or successive 28 U.S.C. § 2254 applications and § 2255 motions, allowing them to proceed only in specified circumstances and only with a circuit court's prior authorization. *See* 28 U.S.C. §§ 2244(b), 2255(h). In *Gonzalez*, a case involving a § 2254 application, the Supreme Court recognized that a Rule 60(b) motion may be subject to the requirements for second or successive applications if it asserts, or reasserts, a "claim," that is, "an asserted federal basis for relief from a state court's judgment of conviction." 545 U.S. at 530. Thus, "a Rule 60(b)(6) motion in a § 2254 case

-3-

is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction." *Id.* at 538.

> A motion can . . . be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnote omitted). The term "on the merits"

> refer[s] to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.

*Id.* at 532 n.4.

We apply the *Gonzalez* mode of analysis to § 2255 proceedings as well as § 2254 cases. *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). In analyzing whether Rule 60(b) arguments require authorization under § 2255(h), the first step is to determine whether the motion asserts non-merits Rule 60(b) arguments (which this court has referred to as a "true" 60(b) motion) or asserts merits-focused, second or successive claims. *See Spitznas*, 464 F.3d at 1216.

> Under *Gonzalez*, a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of

-4-

the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* at 1215-16 (citations omitted). Mr. Lindsey's motion falls into neither of *Spitznas*'s two categories of Rule 60(b) arguments that do not require this court's authorization under § 2255(h).

The first type of Rule 60(b) assertion that does not require authorization is one challenging a "procedural ruling . . . *which precluded a merits determination*." *Id.* at 1216 (emphasis added). While the decision whether or not to hold an evidentiary hearing may be classified as a procedural ruling, the district court's decision not to hold an evidentiary hearing did not preclude a merits determination on Mr. Lindsey's § 2255 motion; it was the *result* of a merits determination. Section 2255(b) contemplates an early dismissal of the motion only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Similarly, Rule 4(b) of Rules Governing § 2255 Proceedings provides, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Thus, the district court necessarily made a merits determination in deciding Mr. Lindsey's § 2255 motion without a hearing.

The second type of Rule 60(b) argument that does not require authorization is a challenge to "a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.*" *Spitznas*, 464 F.3d at 1216 (emphasis added). But Mr. Lindsey's Rule 60(b) motion does lead inextricably to a merits-based attack on the dismissal of the § 2255 motion. The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations. Thus, there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.[1]

The arguments in Mr. Lindsey's Rule 60(b) motion were "effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532. The district

---

[1] This is not to say that a Rule 60(b) motion claiming an erroneous denial of an evidentiary hearing in a § 2255 or § 2254 proceeding must always receive circuit authorization to proceed. There may be some circumstances in which a request for an evidentiary hearing is not a disguised attack on the merits.

court did not err in concluding that the claims required authorization under § 2255(h) and in transferring the motion to this court. The motion to remand is DENIED, and this matter is TERMINATED.