**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUAL BONILLA,
a/k/a Carlos Contreras,

Defendant-Appellant.

No. 10-5084
(D.C. No. 4:08-CR-00051-CVE-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Manual Bonilla pleaded guilty to two counts from a thirteen-count third

superseding indictment: one count of participating in a continuing criminal

enterprise and one count of participating in a conspiracy to possess and distribute

cocaine, marijuana and methamphetamine. He also pleaded guilty to a charge of

money laundering from a separate information. As part of his plea agreement, he

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

knowingly and voluntarily waived his right to appeal his conviction and sentence. Mr. Bonilla later filed a pro se motion to withdraw his guilty plea, which the district court denied. The district court entered judgment and sentenced Mr. Bonilla to 293 months' imprisonment.

In spite of the waiver in his plea agreement, Mr. Bonilla has now filed an appeal challenging his conviction and sentence. The government has filed a motion to enforce the appellate waiver in Mr. Bonilla's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

In his response, Mr. Bonilla does not argue that his appeal is outside of the scope of his waiver or that his waiver was not knowing and voluntary. Instead, he argues that his counsel was constitutionally ineffective in advising him during the negotiation of his plea agreement. This argument falls under the third prong of the *Hahn* analysis, where enforcing the waiver would result in a miscarriage of justice. *See id.* In *Hahn*, we explained that in considering the third prong we would we look to whether the defendant had met one of the four exceptions,

including, "where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid." *Id*. at 1327 (quotation omitted). But we also explained that "[g]enerally, we only consider ineffective assistance of counsel claims on collateral review," and "[o]ur holding today does not disturb this longstanding rule." *Id*. at 1327 n.13.

Mr. Bonilla acknowledges that under our precedent the preferred approach in these circumstances is to dismiss the direct appeal without prejudice to the defendant filing a 28 U.S.C. § 2255 action to assert his ineffective assistance of counsel claim. But Mr. Bonilla asks us to decline to follow our court's preferred approach and to consider his ineffective assistance of counsel claim on direct appeal based on his contention that the record has been adequately developed for this court to consider the claim. We have explained that "[w]ith rare exception, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal." *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003). We have followed this practice even when the record is sufficiently developed. *See id*. As we have explained,

> An opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand. Thus, even if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings . . . so the reviewing court can have the benefit of the district court's views.

*United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). We do not see any reason in this case to depart from our general practice of not considering claims of ineffective assistance of counsel on direct appeal.

Accordingly, we GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal, without prejudice to Mr. Bonilla asserting an ineffective assistance of counsel claim in a § 2255 motion.

ENTERED FOR THE COURT
PER CURIAM