**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN D. LOGGINS, SR.,

Petitioner-Appellant,

v.

ROBERT D. HANNIGAN;
ATTORNEY GENERAL OF
KANSAS,

Respondents-Appellees.

No. 11-3323
(D.C. No. 5:99-CV-03102-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **HOLMES**, and **MATHESON**, Circuit Judges.

Kevin D. Loggins, Sr., a Kansas prisoner proceeding pro se, seeks to appeal

the district court's dismissal of his Federal Rule of Civil Procedure 60(b)(4)

motion as an unauthorized second or successive 28 U.S.C. § 2254 application.

We deny a certificate of appealability (COA) and dismiss this proceeding.

Mr. Loggins was sentenced to 678 months of imprisonment for aggravated

robbery, aggravated kidnaping, aggravated burglary, aggravated sexual battery,

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and criminal possession of a firearm. He unsuccessfully sought relief under § 2254. *See Loggins v. Hannigan*, 45 F. App'x 846, 850 (10th Cir. 2002) (denying a COA). In 2011, he filed his Rule 60(b)(4) motion asserting that the federal habeas judgment was void. The premise of his argument was that the state court lacked jurisdiction to try him because he was not notified of the charges against him as required by the Sixth Amendment. Therefore, he concluded, the federal court also lacked jurisdiction to consider his § 2254 application. The district court held that the motion was attempting to assert unauthorized second or successive § 2254 claims, *see* 28 U.S.C. § 2244(b) (restricting second or successive applications under § 2254), and dismissed it for lack of jurisdiction, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

After Mr. Loggins moved for reconsideration, the district court reiterated that the Rule 60(b)(4) motion was subject to the restrictions on second or successive § 2254 applications. In the alternative, the court stated, "[e]ven if the court considered the prior motion as a true Rule 60(b) motion, no factual basis or legal grounds for relief were stated therein." R. at 165. The court later denied both a COA and leave to proceed on appeal without prepayment of costs and fees.

Mr. Loggins now seeks a COA from this court. To obtain one, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

-2-

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A COA shall issue only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

A prisoner's post-judgment filing (however entitled) should be treated like a second or successive § 2254 application (and therefore subject to the authorization requirements of § 2244(b)) if it asserts or reasserts claims of error in the prisoner's conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). But authorization under § 2244(b) is not required "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Mr. Loggins argues that he is attacking only a defect (lack of jurisdiction) in the integrity of the federal habeas proceeding, not seeking to invalidate the underlying state conviction.

We disagree. If the district court had accepted Mr. Loggins's argument and vacated the federal judgment, it would have been determining that the state court lacked jurisdiction, thus unavoidably undermining the state conviction. It naturally follows that, even though Mr. Loggins's motion ostensibly challenges only the federal judgment, implicitly it attacks the state conviction. Accordingly,

the motion requires authorization under § 2244(b). *Cf. In re Lindsey*, 582 F.3d 1173, 1175-76 (10th Cir. 2009) (per curiam) (piercing the veil of allegations ostensibly aimed only at the integrity of the federal proceedings).

Further, even if the district court erred in determining that the Rule 60(b)(4) motion requires this court's authorization to proceed, on reconsideration the court also indicated that it would deny relief on the merits. The court was correct that the Rule 60(b)(4) motion was meritless. Therefore, even if reasonable jurists could debate whether the district court erred in concluding that the Rule 60(b)(4) motion properly was subject to the restrictions on second or successive § 2254 applications, reasonable jurists could not debate whether this matter deserves further proceedings.

We GRANT Mr. Loggins's motion to proceed on appeal without prepayment of costs or fees. We DENY a COA and DISMISS this matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk