FILED
United States Court of Appeals
Tenth Circuit

April 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL A. CAMPBELL,

       Petitioner-Appellant,

v.

TERRY MARTIN, Warden,

       Respondent-Appellee.

No. 13-6298
(D.C. No. 5:09-CV-00174-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.


Michael A. Campbell, a state prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his motion under Fed. R. Civ. P. 60(b) for lack of

jurisdiction after the court construed the motion as an unauthorized second or

successive habeas application under 28 U.S.C. § 2254. We deny a certificate of

appealability (COA) and dismiss this proceeding.

Campbell was convicted in Oklahoma state court on drug trafficking charges

in 2005. In February 2009, after filing a direct appeal and seeking state

post-conviction relief, he filed a pro se habeas corpus application under § 2254. He

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asserted eleven grounds for relief, including several claims related to the trial court's failure to suppress evidence seized from his home. More specifically, Campbell argued that the seizure violated his Fourth Amendment rights; his trial counsel was ineffective for failing to move to suppress the seized evidence; and his appellate counsel was ineffective for failing to raise this Fourth Amendment claim on appeal and failing to argue that trial counsel was ineffective. After Campbell filed objections to a magistrate judge's report and recommendation to deny habeas relief (R&R), the district court adopted the R&R and entered judgment against him in March 2010. We denied Campbell a certificate of appealability (COA). *Campbell v. Workman*, 386 F. App'x 809, 810 (10th Cir. 2010).

In November 2013, Campbell filed a Rule 60(b) motion in the district court. He asked the court "to reopen and set aside [its 2010] order dismissing the first § 2254 habeas corpus proceeding and decide the facts and merits in and around the consent to search issue and ineffective assistance of counsel, which were not addressed but deserved review." R., Vol. 1 at 54. The district court construed Campbell's motion as an unauthorized second or successive § 2254 application and dismissed it for lack of jurisdiction. He now seeks a COA to appeal the district court's dismissal.

Campbell must obtain a COA to pursue an appeal. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (holding state prisoner must obtain COA to appeal final order in habeas corpus proceeding); *cf. United States v. Harper*, 545 F.3d

1230, 1233 (10th Cir. 2008) (holding federal prisoner must obtain COA to appeal district court's dismissal of unauthorized second or successive motion under 28 U.S.C. § 2255 for lack of jurisdiction). Because the district court's ruling rested on procedural grounds, Campbell must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A Rule 60(b) motion filed in a habeas proceeding must be treated as a second or successive § 2254 application "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Thus, a motion will be treated as a second or successive habeas application when it "attacks . . . the substance of the federal court's resolution of a claim on the merits." *In re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009) (per curiam). We have recognized two categories of Rule 60(b) motions that are not treated as second or successive habeas applications: (1) motions that "challenge[] only a procedural ruling of the habeas court which precluded a merits determination of the habeas application"; and (2) motions that "challenge[] a defect in the integrity of the federal habeas proceeding." *Spitznas*, 464 F.3d at 1216.

Although we liberally construe Campbell's pro se application for a COA, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), he fails to show that

reasonable jurists would debate the correctness of the district court's procedural ruling. First, he devotes the majority of his appeal brief to arguing the merits of his Fourth Amendment and ineffective assistance claims, rather than error in the district court's dismissal of his Rule 60(b) motion. Moreover, to the extent that Campbell argues that his motion did not bring a habeas claim, his contentions lack merit.

Campbell appears to argue that his motion was not a second or successive habeas application because he was challenging the district court's failure to address some of his habeas claims. A habeas applicant may raise in a Rule 60(b) motion a contention that the district court did not consider one or more of his habeas claims. *See Spitznas*, 464 F.3d at 1225. Such a contention "asserts a defect in the integrity of the federal habeas proceedings." *Id.* But in his Rule 60(b) motion, Campbell discussed the court's ruling on his Fourth Amendment claim, R. Vol. 1 at 55, 75, and he asserted that he was challenging "the integrity of the district court's *assessment* of [that] claim," *id.* at 66 (emphasis added). Likewise, he argued that the district court had misapplied Supreme Court precedent in deciding his ineffective assistance claims. *Id.* at 67. In fact, the R&R considered and rejected all of Campbell's arguments regarding the trial court's failure to suppress the seized evidence and his claims of ineffective assistance related to that issue. *See* R&R at 5-7, 39-42, 44-49, 63-64, *Campbell v. Workman*, No. 5:09-CV-00174-C (W.D. Okla. Jan. 28, 2010). Thus, the district court did not construe Campbell's Rule 60(b) motion as asserting the court's failure to consider any of his habeas claims, and reasonable jurists would

- 4 -

not debate the correctness of that ruling. *See Lindsey*, 582 F.3d at 1175 (holding when motion asserts error in previous determination of habeas claims, it "is making a habeas corpus claim").[1]

Campbell may also be arguing that his Rule 60(b) motion was not a second or successive habeas application because he was challenging a procedural ruling that "precluded a merits determination of the habeas application." *Spitznas*, 464 F.3d at 1216. Such a claim does not require this court's authorization. *See id.* But Campbell's contention that the district court erroneously denied him an evidentiary hearing did not raise that kind of claim. Rather, the district court held that he failed to show "that his allegations, if true and not controverted by the existing record, would entitle him to habeas relief." R&R at 65-66. Where a district court's decision not to hold an evidentiary hearing did not *preclude* a merits determination, but instead "was the *result* of a merits determination," a Rule 60(b) motion challenging that ruling requires our authorization. *Lindsey*, 582 F.3d at 1175 (holding "district court necessarily made a merits determination in deciding [the] § 2255 motion without a hearing").

---

[1]     To the extent Campbell argues that his Rule 60(b) motion was challenging a defect in the integrity of his habeas proceedings based on his pro se status, we have never held that a pro se habeas applicant's failure to present his claims more effectively results in a such a defect. Reasonable jurists would not disagree with the district court's dismissal of Campbell's Rule 60(b) motion for lack of jurisdiction despite his pro se status.

Finally, Campbell argues that his Rule 60(b) motion was based on newly discovered evidence. But "a motion seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied" is treated as a second or successive claim. *Spitznas*, 464 F.3d at 1216. If Campbell has newly discovered facts supporting his innocence, he may seek this court's authorization to file a second or successive § 2254 habeas application on that basis, if those facts support a new claim of a constitutional violation and if he can show that, but for that constitutional error, he would not have been found guilty. *See* 28 U.S.C. § 2244(b)(1), (2)(B)(i)-(ii).

Because Campbell fails to show that jurists of reason would find it debatable whether the district court's procedural ruling was correct, we deny his application for a COA and dismiss the appeal. We grant Campbell's application to proceed without prepayment of costs and fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk