FILED
United States Court of Appeals
Tenth Circuit

July 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

MANUEL BONILLA,
a/k/a Carlos Contreras,

 Defendant - Appellant.

No. 16-5024
(D.C. Nos. 4:11-CV-00572-CVE-TLW &
4:08-CR-00051-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Manuel Bonilla, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision construing his Fed. R. Civ. P. 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. We deny a COA and dismiss this matter.

In 2010, Mr. Bonilla pleaded guilty to two counts from a thirteen-count third superseding indictment: one count of participating in a continuing criminal

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enterprise and one count of participating in a conspiracy to possess and distribute cocaine, marijuana and methamphetamine. He also pleaded guilty to a charge of money laundering from a separate information. He was sentenced to 293 months' imprisonment.

Mr. Bonilla filed a direct appeal, but the government moved to enforce the appeal waiver in his plea agreement. Mr. Bonilla sought to raise a claim of ineffective assistance of counsel in the negotiation of his plea agreement. We granted the motion to enforce and dismissed the appeal, noting that the dismissal was without prejudice to Mr. Bonilla raising his ineffective-assistance-of-counsel claim in a collateral proceeding. *See United States v. Bonilla*, 394 F. App'x 500, 502 (10th Cir. 2010).

In 2011, Mr. Bonilla filed a § 2255 motion. The district court denied the motion and Mr. Bonilla did not seek a certificate of appealability.

In 2016, Mr. Bonilla filed a motion seeking relief under Fed. R. Civ. P. 60(b)(6). The district court concluded that the 60(b) motion constituted an attempt to file second or successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction.

Mr. Bonilla now seeks a COA to appeal from that decision. To obtain a COA, he must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1216.

In his initial § 2255 motion, Mr. Bonilla raised claims of ineffective assistance of counsel and claims challenging the validity of his plea agreement. He also requested that the district court hold an evidentiary hearing on his claims. In his 60(b) motion, Mr. Bonilla argued that the district court's order denying his motion to withdraw his guilty plea and its order denying his § 2255 motion should be vacated. He again challenged the validity of his guilty plea and asserted that the district court erred in not granting him an evidentiary hearing.

In his COA application, Mr. Bonilla asserts that the district court erred by failing to grant him an evidentiary hearing on the government's alleged breach of the

plea agreement and he argues that this is a procedural defect that was properly raised in his 60(b) motion. We are not persuaded by Mr. Bonilla's argument.

In our decision in *In re Lindsey*, 582 F.3d 1173 (10th Cir. 2009), we addressed a similar argument. In *Lindsey*, the movant filed a 60(b) motion in which he argued that the district court erred in deciding his § 2255 motion without granting him an evidentiary hearing. The district court transferred his 60(b) motion to this court after concluding that it constituted an unauthorized second or successive motion. The movant filed a motion for remand, arguing that he was challenging the integrity of the federal proceedings and therefore his motion did not require authorization. We disagreed.

As we explained, the movant's motion fell into neither of the categories of Rule 60(b) arguments that would not require authorization. "The first type of Rule 60(b) assertion that does not require authorization is one challenging a procedural ruling . . . *which precluded a merits determination.*" *Lindsey*, 582 F.3d at 1175 (internal quotation marks omitted). We then explained that "the district court's decision not to hold an evidentiary did not preclude a merits determination on [movant's] § 2255 motion; it was the *result* of a merits determination." *Id*.

That same reasoning holds true here because the district court denied the request for a hearing after deciding that Mr. Bonilla had not raised any meritorious claims. As the district court explained: "Defendant requests an evidentiary hearing on his § 2255 motion, but he has not asserted a colorable claim for relief. Thus, the

- 4 -

record conclusively shows that defendant is entitled to no relief and the Court is not required to hold an evidentiary hearing before denying defendant's § 2255 motion." Supp. R., Vol. I at 98.

"The second type of Rule 60(b) argument that does not require authorization is a challenge to a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition*." *Lindsey*, 582 F.3d at 1175 (internal quotation marks omitted). But, as was the case in *Lindsey*, Mr. Bonilla's 60(b) motion "does lead inextricably to a merits-based attack" because "[t]here could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination." *Id*. at 1176. "It follows that to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits." *Id*.

Mr. Bonilla's 60(b) motion "in substance or effect asserts or reasserts a federal basis for relief from [his] underlying conviction." *Spitznas*, 464 F.3d at 1215. Reasonable jurists could therefore not debate that the district court was correct in its procedural ruling to treat Mr. Bonilla's 60(b) motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter.

We have addressed Mr. Bonilla's Motion for a COA without requiring the ordinary prepayment of costs and fees. Thus, we have granted his motion to proceed

without prepayment of costs and fees. Granting that motion, however, does not excuse Mr. Bonilla's obligation ultimately to pay all filing and docketing fees associated with this appeal. It only postponed his obligation to pay those appellate costs and fees until after the Tenth Circuit has ruled on the merits of his motion, which we have now done. The purpose of this deferral of time for payment of costs and fees is to ensure that indigent defendants can have the merits of their appeal considered. It is not the purpose of the deferral, however, to relieve an indigent appellant of the ultimate obligation to pay appellate fees and costs as is required of all appellants.

Thus, even though we have now decided on the merits that Mr. Bonilla is not entitled to a COA, which means he cannot continue with this appeal, he remains obligated ultimately to pay the required filing and docketing fees connected with his appeal. The amount due is $505.00. Payment shall be made to the Clerk of the District Court at 333 W. 4th St. #411, Tulsa, Oklahoma, 74103. Mr. Bonilla has the option to contact the Clerk of the District Court to arrange for a payment schedule

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 6 -