**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAY A. SMITH,

     Petitioner - Appellant,

v.

JOHN CHAPDELAINE; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 19-1409
(D.C. No. 1:16-CV-02528-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Ray Smith, a Colorado state prisoner, filed two motions in the district court,

purportedly under Federal Rule of Civil Procedure 60(b). The district court

determined that the motions were actually unauthorized second or successive motions

to vacate his conviction and sentence under 28 U.S.C. § 2254 and dismissed them for

lack of jurisdiction. Appearing pro se,[1] Smith seeks a certificate of appealability

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Smith appears pro se, we construe his pleadings liberally. *Hall v.
Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

(COA) to challenge the district court's ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.

## Background

Smith was convicted in Colorado state court of first degree murder and seven counts of tampering with a witness. The state court of appeals affirmed his conviction.

In 2017, Smith filed his first § 2254 application, claiming the charging document was flawed, that he was subjected to an unlawful custodial interrogation, that he received ineffective assistance of both trial and appellate counsel, and that the trial was tainted by judicial and prosecutorial misconduct. The district court determined that most of Smith's claims were procedurally barred and that the remainder failed on the merits and thus did not warrant habeas relief. Accordingly, the district court denied Smith's application for habeas relief and declined to issue a COA. We also denied a COA. *Smith v. Chapdelaine*, 774 F. App'x 468, 477 (10th Cir. 2019), *cert. denied*, No. 19-6427, 2020 WL 129745 (U.S. Jan. 13, 2020).

Smith then filed what he captioned as Rule 60(b) motions, reasserting the claims he made in his first § 2254 application and arguing that the court erred in dismissing it because his constitutional rights were violated. The district court determined the motions were actually § 2254 habeas petitions because they challenged his sentence and conviction as unconstitutional. *See Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005) (explaining that a 60(b) motion amounts to a second or successive petition for habeas relief if it either "seeks to add a new ground for

2

relief" or "attacks the federal court's previous resolution of a claim on the merits" and that a "claim" is "an asserted federal basis for relief from a state court's judgment of conviction") (emphasis and internal quotation marks omitted).  As such, the court concluded that his motions were unauthorized second or successive habeas petitions, and dismissed them for lack of jurisdiction.[2]  Smith now seeks to appeal that order.

## Discussion

To appeal the district court's dismissal of his petition, Smith must first obtain a COA.  28 U.S.C. § 2253(c)(1)(A).  We will grant a COA only if Smith makes "a substantial showing of the denial of a constitutional right."  *Id*. § 2253(c)(2).  To meet this standard where, as here, the district court denied relief on a procedural ground, Smith must "state[] a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one.  *Id*. at 485.

Rule 60(b) cannot be used to "circumvent[] [the] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."  *Gonzalez*, 545 U.S. at 531.  "[A] 'true' 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits

_____

[2] The district court denied a COA in a separate order.

3

determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding . . . ." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citation omitted). Regardless of how a movant characterizes a motion, it is treated as a habeas petition if it "asserts or reasserts a federal basis for relief" from the underlying conviction. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (internal quotation marks omitted).

Smith's motion claimed the district court misapprehended the facts and law in dismissing his habeas petition, and it is nothing more than an attempt to relitigate the same claims he made in the petition. The substance of his motion did not challenge a procedural ruling that prevented the habeas court from considering the merits of his claims, but instead sought "vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of" his claims. *See Spitznas*, 464 F.3d at 1215-16 (internal quotation marks omitted). We thus agree with the district court's conclusion that Smith's Rule 60(b) motion was a second or successive habeas petition.

We have reviewed Smith's arguments, the appellate record, the state court's decision affirming his conviction, the district court's orders denying both the first habeas petition and the current petition, and the applicable law. Based on this review, we conclude that reasonable jurists could not debate that the district court was correct in treating Smith's Rule 60(b) motion as an unauthorized second or

4

successive § 2254 petition and dismissing it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Smith's motion to proceed in forma pauperis on appeal and remind him that he must pay the filing fee in full.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk