**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL S. ELLIOTT,

    Defendant - Appellant.

No. 20-8006
(D.C. Nos. 1:18-CV-00012-SWS &
1:15-CR-00042-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Joel S. Elliott, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his motion for relief

pursuant to Federal Rules of Civil Procedure 60(b) and 60(d) ("Rule 60 motion").

Mr. Elliott also seeks to appeal the district court's denial of his motion to reconsider

the denial of his Rule 60 motion. For the following reasons, we grant a COA, vacate

the district court's orders denying the Rule 60 motion and the motion to reconsider,

and remand to the district court with instructions to dismiss the Rule 60 motion and

the motion to reconsider for lack of jurisdiction as unauthorized second or successive

28 U.S.C. § 2255 motions.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

In 2015, a jury found Mr. Elliott guilty of:  arson of a building owned by an organization receiving federal funds, use of a firearm during and in relation to a crime of violence, possession of an unregistered firearm, and false declaration before a Grand Jury.  He was sentenced to 444 months' imprisonment.  After this court affirmed his convictions on direct appeal, he filed a § 2255 motion.  The district court denied the § 2255 motion and also denied Mr. Elliott's requests for additional discovery, appointment of counsel, and an evidentiary hearing.  We denied Mr. Elliott's request for a COA to appeal the denial of his § 2255 motion.  He next filed his Rule 60 motion. When the district court denied that motion, Mr. Elliott filed a motion asking the district court to reconsider its denial, which the district court denied.

II.  Discussion

The threshold question in this case is whether Mr. Elliott's Rule 60 motion and motion to reconsider are actually successive § 2255 motions.  "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).  "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).  A Rule 60(b) motion is not a second or successive § 2255 motion

> if it either: (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* at 1215-16 (citation omitted).[1]

In his Rule 60 motion, Mr. Elliott asserted that the district court "injected a defect into his federal habeas corpus proceeding by failing to allow additional discovery, appoint counsel, and hold a hearing . . . before ruling on his 2255 as required to by the Federal Rules of Evidence." R., Vol. 5 at 220-21. Although Mr. Elliott attempted to characterize his Rule 60 motion as challenging a defect in the integrity of his § 2255 proceeding, his challenge leads inextricably to a merits-based attack on the denial of his § 2255 motion.

In similar circumstances, we explained that "[t]he decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief[.]" *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (per curiam). "Thus, there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination." *Id.* at 1176.

---

[1] Although *Spitznas* involved the interplay between 28 U.S.C. § 2254 and Rule 60(b), we explained that the "same mode of analysis applies" to § 2255 cases and possible successive motions. *Nelson*, 465 F.3d at 1147 (applying *Spitznas* analysis to case involving "§ 2255 and a motion ostensibly under Fed. R. Civ. P. 15").

In its order denying Mr. Elliott's § 2255 motion, the district court explained that "[a] § 2255 petitioner is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" R., Vol. 1 at 124 (quoting § 2255(b)). The court further explained that because it was able to resolve Mr. Elliott's § 2255 motion on the record, he was not entitled to an evidentiary hearing, additional discovery, or appointed counsel.

Mr. Elliott argued in his Rule 60 motion that by not allowing an evidentiary hearing or additional discovery "there is no way that [the] court can know for sure, that there exist, or do not exist, grounds entitling [him] to habeas corpus relief." *Id*., Vol. 5 at 221. But the district court's decision to deny the evidentiary hearing and additional discovery was the result of its merits determination that Mr. Elliott was not entitled to § 2255 relief based on the record before the court. Mr. Elliott's Rule 60 motion challenging the district court's failure to hold an evidentiary hearing is therefore an attack on the district court's decision on the merits of his § 2255 motion. *See Lindsey*, 582 F.3d at 1176 ("[T]o argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits."). We conclude that Mr. Elliott's Rule 60 motion "in substance or effect asserts or reasserts a federal basis for relief from [his]

underlying conviction," and therefore it is properly characterized as a second or successive § 2255 motion. *Spitznas*, 464 F.3d at 1215.[2]

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Absent such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. Elliott did not have authorization to file a successive § 2255 motion, the district court lacked jurisdiction to deny the Rule 60 motion on the merits.

The same is true of Mr. Elliott's motion to reconsider the denial of his Rule 60 motion. In that motion, he argued there were factual disputes related to the claims in his § 2255 motion and again asserted that without a hearing, the court was barred from reaching a merits ruling. In its order denying the motion to reconsider, the district court stated that Mr. Elliott was "simply rehashing the same issues raised in his § 2255 and Rule 60 motions." R., Vol. 5 at 275. We agree with the district court's assessment of the motion to reconsider, but rather than denying the motion on the merits, the district court should have dismissed the motion to reconsider for lack of jurisdiction as an unauthorized second or successive § 2255 motion.

III. Conclusion

---

[2] Consistent with this holding, the district court observed in a later order that Mr. Elliott's "Rule 60 motion essentially sought reconsideration of this Court's denial of his § 2255 motion, which was affirmed on appeal." R., Vol. 5 at 275.

For the foregoing reasons, we grant a COA, vacate the district court's orders denying the Rule 60 motion and motion to reconsider, and remand for the district court to dismiss those motions for lack of jurisdiction as unauthorized second or successive § 2255 motions. We deny as moot Mr. Elliott's motion for bail pending appeal. Finally, we grant his motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court
Per Curiam

6