FILED
United States Court of Appeals
Tenth Circuit

January 31, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

CHRISTOPHER A. PEREA,

    Petitioner - Appellant,

v.

MRS. BURTLOW, Fremont Correctional
Facility Prison Warden; PHILIP J.
WEISER, Attorney General of the State
of Colorado,

    Respondents - Appellees.

No. 23-1356
(D.C. No. 1:22-CV-00410-RM)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Christopher Perea, proceeding pro se,[1] seeks a certificate of appealability (COA)

to appeal from the district court's decision construing his motion under Rule 60(b) of the

Federal Rules of Civil Procedure as an unauthorized second or successive 28 U.S.C.

§ 2254 habeas application that it lacked jurisdiction to consider.  We deny a COA and

dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Perea appears pro se, we construe his pleadings liberally.  *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

I.  Background

A Colorado jury found Mr. Perea guilty of felony murder, second degree-murder, and second-degree kidnapping for the murder of his wife.  The trial court sentenced him to life in prison without parole.

In 2022, Mr. Perea filed his first § 2554 habeas application.  The district court denied habeas relief.  Mr. Perea then filed a motion for reconsideration pursuant to Rule 60(b).  The district court determined that the Rule 60(b) motion should be treated as a second or successive habeas application.  Because Mr. Perea had not obtained authorization from this court to file a second or successive application, the district court concluded it lacked jurisdiction to consider the application on the merits.  Mr. Perea now seeks a COA to appeal from the district court's ruling.

II.  Discussion

To obtain a COA to challenge the district court's procedural ruling, Mr. Perea must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

In his initial habeas application, Mr. Perea asserted four claims.  He alleged his trial counsel was constitutionally ineffective for (1) failing to hire a forensic expert to test the DNA under the victim's fingernails; (2) failing to work with

forensic experts to independently test a cinderblock, jacket, car curtains, and fingerprints for DNA; (3) laboring under a conflict of interest; and (4) failing to impeach a neighbor's testimony. The district court denied all the claims on the merits.

Mr. Perea then filed a post-judgment motion purportedly seeking relief under Rule 60(b). The district court construed Mr. Perea's Rule 60(b) motion as a second or successive § 2254 habeas application because the arguments in the motion "assert[ed] or reassert[ed] federal bases for relief from [Mr. Perea's] underlying state court convictions." R. vol. 3 at 215.

The Supreme Court has "recognized that a Rule 60(b) motion may be subject to the requirements for second or successive applications if it asserts, or reasserts, a 'claim,' that is, 'an asserted federal basis for relief from a state court's judgment of conviction.'" *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). A Rule 60(b) motion is not a successive habeas application "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citation omitted).

In his Rule 60(b) motion, Mr. Perea did not challenge any procedural rulings that precluded a merits determination, nor did he argue there was a defect in the integrity of his federal habeas proceedings. Instead, he reasserted the same four claims of ineffective assistance of counsel from his initial habeas application.

3

In his COA application, Mr. Perea does not dispute that he was reasserting his habeas claims. He contends he made mistakes in his initial habeas application, and he was attempting to correct those mistakes in his Rule 60(b) motion by putting forth evidence to add to his original arguments.

Given these circumstances, the arguments in Mr. Perea's Rule 60(b) motion were "effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532. He has therefore failed to show that reasonable jurists would find debatable the district court's decision to construe his Rule 60(b) motion as a second or successive § 2254 habeas application.

A state prisoner, like Mr. Perea, may not file a second or successive § 2254 habeas application unless he first obtains an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas application. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

III. Conclusion

Because Mr. Perea's Rule 60(b) motion reasserted claims raising federal challenges to his state convictions without receiving authorization from this court, the district court properly treated the motion as an unauthorized second or successive § 2254 habeas application over which it lacked jurisdiction. Accordingly, we deny a COA and dismiss this matter because reasonable jurists would not find debatable the district court's

4

procedural ruling.  We grant Mr. Perea's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk