FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL BONILLA,

    Defendant - Appellant.

No. 23-5096
(D.C. No. 4:08-CR-00051-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

Manuel Bonilla, a federal prisoner proceeding pro se, appeals the district court's dismissal of his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2010, Bonilla pleaded guilty to three counts associated with his leading a drug-trafficking organization in Oklahoma. Though Bonilla's Guidelines range was 360 months to life imprisonment, the district court varied downward and sentenced him to 293 months' imprisonment. Bonilla appealed his conviction and sentence, but we dismissed his appeal, enforcing the appellate waiver in his plea agreement. *United States v. Bonilla*, 394 F. App'x 500, 501–02 (10th Cir. 2010) (unpublished).

In July 2023, Bonilla filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In his motion, Bonilla claimed health issues as an extraordinary and compelling reason to reduce his sentence.[1] Responding to Bonilla's motion, the government argued that no extraordinary and compelling reasons existed and that the 18 U.S.C. § 3553(a) factors weighed against compassionate release. The district court ruled that Bonilla's health issues were not extraordinary and compelling, because "he is not in jeopardy of serious

---

[1] In 2015, Bonilla filed a motion for sentence reduction because the United States Sentencing Commission had retroactively reduced his base-offense level. The district court granted his motion and reduced his sentence from 293 to 292 months' imprisonment. In his compassionate-release motion, Bonilla inappropriately challenges the district court's 2015 ruling. He adds an argument that the district court incorrectly calculated his criminal-history category. He also claims that he was illegally arrested—a challenge to the validity of his conviction, which is improper for a compassionate-release motion. *See United States v. Wesley*, 60 F.4th 1277, 1289 (10th Cir. 2023) ("We hold that an 18 U.S.C. § 3582(c)(1)(A)(i) motion may not be based on claims specifically governed by 28 U.S.C. § 2255."). The district court correctly rejected these arguments.

complications resulting from continued imprisonment." R. at 573. So the district court denied Bonilla's compassionate-release motion without addressing the § 3553(a) factors. After the district court entered the order denying the motion, Bonilla filed a reply to the government's response. In his reply, Bonilla challenged the government's assertions and repeated arguments from his motion. Bonilla then appealed.

## STANDARD OF REVIEW

We review a district court's order denying a § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

## DISCUSSION

Federal courts are generally forbidden from modifying a term of imprisonment after it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011). But this "rule of finality is subject to a few narrow exceptions," including when a defendant moves for a sentence reduction under § 3582(c)(1) for compassionate release. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman*, 564 U.S. at 526).

Before granting a compassionate-release motion, district courts must address three steps. *Id.* at 831. First, the court "must find whether extraordinary and compelling reasons warrant a sentence reduction." *Id.* (cleaned up).

Second, the court "must find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (cleaned up). And third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (cleaned up). District courts may deny a compassionate-release motion at any of the three steps without addressing the others. *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021).

On appeal, Bonilla argues that the district court erred for several reasons, which we group into three categories: (1) the district court violated his right to reply to the government's response; (2) the district court failed to consider the entire record, including Bonilla's exhibits; and (3) the government prejudiced Bonilla by mischaracterizing his postconviction conduct.[2] We address these arguments in turn.

---

[2] Bonilla raises six issues in his opening brief. He faults the district court (1) for denying his motion before he had time to reply to the government's response; (2) for denying his motion without considering his reply; (3) for failing to consider "all evidence, testimony, declarations, and exhibits presented in [Bonilla's] motion"; (4) for ruling that his illegal-arrest argument did not amount to an extraordinary and compelling reason; (5) for failing to consider all "filings relative to the pleadings in his § 3582 motion"; and (6) for allowing the government to mischaracterize Bonilla's postconviction conduct. Op. Br. at 3.

Bonilla's fourth argument—whether his illegal arrest amounted to an extraordinary and compelling reason—challenges the validity of his conviction. Such challenges are not allowed in a compassionate-release motion. *See Wesley*, 60 F.4th at 1289. Thus, the district court properly rejected it.

4

First, Bonilla contends that the district court violated Federal Rule of Civil Procedure 12(a)(1)(B)—the rule governing counterclaims and crossclaims—by denying his motion before receiving his reply. That rule gives parties 21 days to serve an answer. Fed. R. Civ. P. 12(a)(1)(B). But Rule 12 does not govern motions in criminal cases. Further, Bonilla raised no argument in his reply that he had not already raised in his motion, so he has not shown prejudice. *See, e.g.*, *Walter v. Morton*, 33 F.3d 1240, 1244 (10th Cir. 1994) ("We find neither prejudice to the Defendants nor an abuse of the district court's discretion in ruling before the filing of a reply brief."); *United States v. Hammons*, No. 22-6044, 2022 WL 3681254, at *2 (10th Cir. 2022) (unpublished) (affirming the district court's denial of compassionate release before the defendant had filed a reply because the defendant failed to identify a material argument in the reply). Thus, the district court acted within its discretion by denying Bonilla's motion before he had replied to the government's response.

Second, Bonilla argues that the district court failed to consider all the evidence in the record, including the exhibits that he had attached to his motion. But Bonilla's argument is undermined by the district court's order, which references the exhibits that Bonilla claims the court missed. For example, the court notes that Bonilla's "request for bilateral knee replacements has been denied, as he did not meet clinical practice guidelines." R. at 572. This shows that the court considered Bonilla's medical records that he had

5

attached to his motion. Likewise, the court noted that its ruling was "based on review of [Bonilla's] medical history; his current low healthcare level; and the medical care provided, to include prescription medication to reduce symptoms and issuance of devices to reduce pain and aid in his mobility." R. at 573. Because the court fully considered Bonilla's motion, it did not abuse its discretion.

Third, Bonilla faults the government for mischaracterizing his postconviction conduct in its response.[3] Even if Bonilla is correct, he has not shown reversible error. The district court denied his motion because he had not proven an extraordinary and compelling reason—step one of the three-step compassionate-release framework. *Maumau*, 993 F.3d at 831. By denying Bonilla's motion at step one, the court noted that it need not address the other steps. And Bonilla's postconviction conduct becomes relevant at step three—weighing the § 3553(a) factors. *See United States v. Lente*, 759 F.3d 1149, 1168 (10th Cir. 2014) (ruling that courts may consider "post-conviction conduct" under the § 3553(a) factors). Thus, Bonilla was not prejudiced by the government's characterization of his postconviction conduct.[4]

---

[3] In the government's response, the government stated that, while incarcerated, Bonilla had participated in fights, introduced drugs/alcohol into his facility, refused to work for a year, and assaulted another inmate.

[4] Bonilla seeks leave to supplement the record on appeal with two exhibits. The first concerns a corruption investigation of a police officer allegedly involved in Bonilla's case. Because this exhibit supports only his

*(footnote continued)*

## CONCLUSION

For all these reasons, we affirm the district court's order, deny Bonilla's

motion to supplement the record, and dismiss this appeal.


Entered for the Court


Gregory A. Phillips
Circuit Judge

---

arguments challenging the validity of his conviction and sentence, we deny his motion to supplement the record.

The second exhibit concerns allegations of official misconduct at Bonilla's prison. Because Bonilla failed to present this evidence to the district court, we deny his motion to supplement this exhibit. *See* Fed. R. App. P. 10(a) (noting that the record consists of papers and exhibits filed in the district court, the transcript of proceedings, and a copy of the docket).

7